IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALFREDO SANTANA ORTIZ,   )  No. C 09-3868 JSW (PR)
                         )
        Petitioner,      )
                         )  **ORDER OF TRANSFER**
    vs.                  )
                         )
CALIFORNIA STATE PRISON-SAN LUIS)
OBISPO,                  )
                         )
        Respondent.      )
_____)

Petitioner, a prisoner of the State of California, currently incarcerated at the California Men's Colony in San Luis Obispo, California, has filed a petition in this Court requesting relief under the Immigration and Nationality Act, which the Clerk has filed as a petition seeking habeas corpus relief. Petitioner has paid the filing fee.

It is not clear to this Court whether Petitioner is attempting to mistakenly file this application in the wrong court when it is intended for the immigration courts, or whether Petitioner is actually seeking habeas relief from the federal courts. However, Petitioner has not filed his application in the right district.

Generally, 28 U.S.C. § 2241 is the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," 28 U.S.C. §2254, for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007) (pre-trial double jeopardy challenge); *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies). Previously, district courts had habeas jurisdiction under 28 U.S.C. § 2241 to review final orders of removal on constitutional and statutory grounds,

if judicial review was unavailable in the court of appeals. *See INS v. St. Cyr*, 533 U.S. 289, 314 (2001). However, on May 11, 2005, Congress enacted the REAL ID Act of 2005, which expanded the jurisdiction of the circuit courts over final orders of removal. The Act made the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. *Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub.L. No. 109-13, 119 Stat. 231, § 106(a)). To accomplish this streamlined judicial review, the Act eliminated habeas jurisdiction, including jurisdiction under 28 U.S.C. § 2241, over final orders of deportation, exclusion, or removal. *Id.* (citing § 106(a)(1)(B) (amending 8 U.S.C. § 1252)). The REAL ID Act's jurisdiction-stripping provision "does not apply to federal habeas corpus petitions that do not involve final orders of removal." *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006). "Therefore, in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court, and on appeal . . . pursuant to 28 U.S.C. § 2241." *Id.* at 1076 (Sri Lankan national who obtained immigration relief could challenge his continued detention in a habeas petition); *cf. Love Korean Church v. Chertoff*, 549 F.3d 749, 753 (9th Cir. 2008) (holding district court has jurisdiction to review non-habeas action for declaratory relief challenging revocation of visa by Bureau of Citizenship and Immigration Services). *But cf. Hassan v. Chertoff*, 543 F.3d 564, 566 (9th Cir. 2008) (per curiam) (holding district courts lack jurisdiction under the Act to review denials of discretionary relief by Attorney General or Secretary of Homeland Security, regardless of whether such decision was made in a removal proceeding).

Because Petitioner's application does not provide enough information, it is unclear whether this section of the REAL ID Act applies here. However, Petitioner's application must be transferred because jurisdiction does not lie in this district. Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Court has interpreted the "within their respective jurisdictions" language

of § 2241 to mean nothing more than that the court issuing the writ must have jurisdiction over the custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 440-442 (2004). As to challenges under section 2241 to present physical confinement, this is not synonymous with any district in which the respondent is amenable to service of process. *Id.* at 442-44. "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442-43. Therefore, the Court ORDERS that the Clerk of the Court shall TRANSFER this matter to the United States District Court for the Central District of California forthwith.

IT IS SO ORDERED.

DATED: January 25, 2010

JEFFREY S. WHITE
United States District Judge

|  |  |  |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | FOR THE | |
| 3 | NORTHERN DISTRICT OF CALIFORNIA | |

ALFREDO SANTANA ORTIZ,

    Plaintiff,

v.

CALIFORNIA STATE PRISON - SAN LUIS OBISBO, et al,

    Defendant.
    _____/

Case Number: CV09-03868 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alfredo Santana Ortiz F90047
California State Prison
P.O. Box 8101
San Luis Obispo, CA 93409

Dated: January 25, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk